Arthur CAPETOLA et al.

v.

Tony ORLANDO et al.

Civ. A. No. 76–1119.

United States District Court,
E. D. Pennsylvania.

Jan. 21, 1977.

Jerome J. Verlin, Philadelphia, Pa., for plaintiffs.

Philip S. Asbury, Thomas A. Masterson, Philadelphia, Pa., for defendants.

## OPINION

DITTER, District Judge.

This is a suit for statutory trademark infringement and unfair competition in which it is claimed that a vocal group's use of a tradename violates plaintiffs' rights in a registered service mark.

The plaintiffs in this suit are Arthur and Frances Capetola trading as Dina Management (Dina), a partnership, and Dawn Robertson. Dina is the registered owner of "The Dawn" and Robertson is an authorized licensee. Dina applied for registration of the service mark, "The Dawn," on September 17, 1970, claiming use in commerce since July 1967. The Commissioner of Patents granted the application and issued registration number 933,417 to Dina on May 2, 1972. The defendants are a vocal group who provide entertainment and use the name "Tony Orlando and Dawn." They have moved to dismiss the complaint on the grounds that the purported registration of "The Dawn" is facially invalid and subject to cancellation by this court.[1]

■ The first basis upon which it is asserted that "The Dawn" is subject to cancellation is that the application for registration fails to show that Dawn Robertson consented in writing to the use of her name as a service mark.[2] The short answer to this argument is that defendants have no standing to raise it. Dawn Robertson is not complaining about the use of her name without written consent and the very fact that she has joined as a plaintiff in this lawsuit certainly negates any inference that she has not in fact consented to use of the mark.[3] Defendants have not cited and my research has not revealed any authority to support their standing to raise this technical defect as a defense to this suit. In the absence of such authority I believe the gen-

---

1. The plaintiffs do not challenge the authority of the district court to cancel the trademark registration, of a party properly before it in an infringement action. See *Simmonds Accessories, Ltd. v. Elastic Stop Nut Corp.*, 257 F.2d 485, 490–91 (3d Cir. 1958).

2. In pertinent part Section 2 of the Lanham Act, 15 U.S.C. § 1052 provides:
   No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

   (c) Consists of or comprises a name . . . *identifying a particular living individual* except by his written consent . . . (emphasis added).

3. Plaintiffs contend "The Dawn" does not identify a particular individual, Dawn Robertson, but the vocal group which consists of Dawn Robertson and six male vocalists. In view of my conclusion that defendants lack standing to challenge Robertson's failure to give written consent, I do not reach the merits of this contention.

eral prohibition against the assertion of *jus tertii* as a defense is fully applicable here. Cf. *Gilmore v. Utah*, —— U.S. ——, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976) (Burger, C. J. concurring).

■ The remaining ground upon which defendants seek to have "The Dawn's" registration cancelled is that the mark fails to distinguish the booking and promotional services rendered by the partnership, Dina, from the entertainment services rendered by the vocal group itself.[4]

This argument is based upon a fundamental misunderstanding of the purpose for which "The Dawn" was granted registration. Despite what the defendants and perhaps even the plaintiffs[5] may believe, the record before me simply does not support the motion that "The Dawn" was registered as a service mark to identify services provided by Dina as a booking agent for the vocal group. Both the application for registration and the certificate of registration issued by the Patent Office state that the mark is used "for entertainment services rendered *by a vocal and instrumental group.*" (Emphasis added). The only specimen filed with the application consists of a photograph *of the vocal group* gathered around a tree and captioned at the bottom, "THE DAWN, Exclusively Dina Management, 2022 S. 27th St., ·Phila. 45, Pa., HO 7–2521." Finally, paragraph 8 of the complaint states that both prior to and since registration "Dawn" and "The Dawn" have been used as professional names by both Robertson and the vocal group.

■ All of the above factors combine to make it clear that the purpose for which registration of "The Dawn" was sought and granted was to advertise entertainment services provided by the vocal group itself and which could be obtained through Dina, its exclusive agent. Thus defendants' reliance on cases such as *In re. Lee Trevino Enterprises, Inc.*, 182 U.S.P.Q. 253 (TT & A Bd. 1974); *In re Generation Gap Products, Inc.*, supra; and *In re Ekco Products Company*, 139 U.S.P.Q. 138 (TT & A Bd. 1963) is misplaced. In those cases the Trademark Trial and Appeal Board held that the marks in question failed to identify services rendered . by the applicant as distinguished from the name of the person who would be performing the services. Here, as in *In re Ames*, supra, the mark is used to identify entertainment services provided *by the vocal group* not by the applicant.

Accordingly, the defendants' motion to dismiss on the grounds that the registration is subject to cancellation is denied.[6]

---

4. Section 45 of the Act, 15 U.S.C. § 1127 defines "service mark" as follows:

> The term "service mark" means a mark used in the sale or advertising of services to identify the services of one person and distinguish them from the services of others.

As competitors of plaintiffs, the defendants do have standing to seek cancellation of "The Dawn" on the grounds that it does not properly function as a service mark. See *Chas. Pfizer & Co., Inc. v. Abbott Laboratories*, 171 U.S.P.Q. 122, 125 (TT & A Bd. 1971).

5. Plaintiffs' brief, although far from clear, in certain respects seems to suggest that the mark is used to identify services provided by Dina rather than by the vocal group. Were this the case *In re Generation Gap Products, Inc.*, 170 U.S.P.Q. 423 (TT & A Bd. 1971), would be persuasive authority for cancellation of the registration. Nonetheless, the record clearly shows that "The Dawn" was registered to identify entertainment services provided by the vocal group. Perhaps plaintiffs' reason for taking this tack is to preclude defendants' arguing that Dina is not the "owner" of the mark (and thus was not entitled to register ·it) because it does not provide the services which the mark identifies. See 15 U.S.C. § 1051. But Dina claims to have *used* the mark to advertise the groups' services and as an exclusive agent for the group would appear to be entitled to register it. Cf. *In re Ames*, 160 U.S.P.Q. 214 (TT & A Bd. 1968). In any event defendants have not raised the ownership issue and so I have not considered it.

6. Because of the way I dispose of the cancellation issue I find it unnecessary to consider whether the court would have jurisdiction over the subject matter of this suit even in the absence of a properly registered service mark.